WORTHINGTON, *Appellant*, v. BRENT.

**Strays.** The rights of parties under the statute concerning strays, ( Wag. Stat., chap. 131, p. 1297,) are not affected by the fact that the owner had long been accustomed to allow his cattle to run at large in the neighborhood where they were taken up, or that the person finding them on his property knew who was their owner.

*Appeal from Barton Circuit Court.*—HON. J. D. PARKINSON, Judge.

*Robinson & Harkless* for appellant.

*Morgan & Buller* for respondent.

NAPTON, J.—This action was brought by the owner of

several cows, heifers and calves, against the defendant, who took up the cattle about the 6th day of November, 1873, as strays.

The plaintiff, to prove the issues on his part, offered evidence as follows: That the cattle were the absolute property of the plaintiff, and that they had been accustomed to run upon the range at and about the premises, where taken up by defendant, for three years last past; that the cattle had been wintered on the farm of plaintiff; which farm is situated within two miles of the plantation of defendant; that there is a vacant space between said places, where the cattle had for years been accustomed to range, and that the herd in which the cattle ran was generally known in the neighborhood as plaintiff's herd; that defendant was a renter on the plantation where defendant lived, and had only been there a few months; that the land about the places was prairie land and was but sparsely settled.

The defendant, to prove the issues on his part, offered evidence as follows: That the cattle came upon his plantation on the 6th day of November, 1873, and were injuring his crops; that they were, by defendant, properly taken up on defendant's plantation and posted as strays, and that said defendant was a householder, and that defendant did not know who the owner of said cattle was at the time they were taken up.

This was all the material part of the evidence, whereupon the plaintiff prayed the court to declare the law to be: 1. That if the plaintiff was the owner of said cattle and owned a farm within two miles of said defendant's plantation, and had for three years wintered so many of said cattle as were that old, and the balance each winter of their lives on said farm, and had been accustomed to allow his cattle for the same space of time to range on the prairie near and around his said farm and the plantation, where they were taken up, then said cattle were not strays, and the finding will be for the plaintiff. 2. The court de-

clares the law to be that a stray, within the meaning of the statute is, a domestic animal which has wandered away from its accustomed range and herd, and whose owner or the person in whose care or custody it is, is not generally known in the neighborhood where found. The court refused to give these instructions, to which refusal the plaintiff excepted.

The court then, at the instance of defendant, declared the law to be as follows: 1. That if the animals described in the petition were found on the plantation of defendant on the 6th day of November, 1873, and were by defendant, or at his direction, taken up as strays, and within ten days, before a justice of the peace of the county, the defendant as the taker up made oath as required by law, and had the same appraised by two disinterested householders summoned by said justice, and their appraisement, embracing a description of the size, color, sex, age, marks and brands of said animals were entered by a justice in the book kept by him for that purpose, and within fifteen days after such appraisement, said justice delivered to the said defendant as the taker up of said animals on his stray book, and defendant immediately thereafter caused a notice to be set up at three of the most public places in the township containing a copy of the entry on the justice's stray book; the issues must be found for the defendant, unless the court finds from the evidence that at the time of such taking up defendant knew said animals to be the property of the plaintiff, either expressly or by necessary presumption. To the giving of this instruction the plaintiff, at the time, excepted. Under the law thus declared, the court, sitting as a jury, found a verdict for the defendant.

The stray law has been on our statute book from the organization of the State, and is not materially different now from what it was in 1825. No definition of a stray is given in any of the statutes; indeed, none was necessary. The object of the law was to encourage farmers to take up such cattle and other animals as were found on

their plantations at a season of the year when feeding was usually required, and the main purpose was, by small premiums offered to the taker up, to benefit the owner who might in this way be enabled to trace his lost stock. The law was probably of greatly more importance in early times than now, and yet so small has been the litigation arising from it, that we can find only one or two cases on the subject, and in neither of them are any questions raised that are presented here. The additions to the statute, recommended by the instructions of the plaintiff, may be beneficial, but they have not been adopted by the Legislature. The instruction for defendant also contains a restriction not found in the law. I have been unable to find in the present stray law, or any one preceding it, from 1825 down to the present, any prohibition against taking up strays on a plantation occupied by the taker up, because he knew the owner. Of course the plaintiff cannot complain of this. Judgment affirmed.

AFFIRMED.